UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P.C., | No. 1:26-cv-02108-DAD-JDP |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | (Doc. Nos. 1, 3, 7, 11) |
| Respondents. | |

On March 16, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release, or alternatively, a bond hearing before an immigration judge. (Doc. No. 7.) Petitioner also filed a motion to proceed pseudonymously. (Doc. No. 2.) On March 17, 2026, attorney Emma S. Eisendrath applied to appear *pro hac vice* on behalf of petitioner in this action.[1] (Doc. No. 11.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

---

[1] Attorney Eisendrath has demonstrated good standing in a court in the District of Columbia and has paid the fee for admission. (*Id.*) She has not concurrently or within the year preceding this application made a *pro hac vice* application to the court. (*Id.*) Her application will therefore be approved.

1

Petitioner grew up in Brooklyn and has lived in New York for more than 20 years. (Doc. No. 1-1 at 2.) On January 10, 2026, he was detained by ICE officers while walking home from a grocery store. (*Id.* at 3.) That same day, petitioner was charged by way of a Notice to Appear as having entered the United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. No. 1-3 at 2.) Petitioner's arrest and detention on January 10, 2026, was his first encounter with ICE. (Doc. No. 1-1 at 2.) He has never been arrested or charged with any crime. (*Id.*) Petitioner alleges that he has not been provided a bond hearing since his detention on January 10, 2026. (Doc. No. 1 at 8.)

On March 17, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), or *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025). (Doc. No. 9.)

On March 19, 2026, respondents filed a combined opposition to the motion for temporary restraining order and motion to dismiss the petitioner for writ of habeas corpus. (Doc. No. 13.) Respondents concede therein that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.* at 1.) Respondents also state that they do not oppose the court converting the motion for temporary restraining order into a motion for preliminary injunction. (*Id.*) Respondents further suggest that if the court is inclined to grant a preliminary injunction, then it should also enter judgement on the merits of the habeas petition. (*Id.*) Still respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 1–2.) Respondents do not argue that petitioner is subject to detention based upon any other authority or that he poses a flight risk or danger to the community if released on conditions. (*Id.*)

The court adopts its reasoning in *Quichimbo-Jimenez*, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1226(a). Moreover, the court finds that the appropriate

2

remedy is petitioner's immediate release in light of the persuasive authority in *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026) which ordered the petitioner's immediate release where the respondents incorrectly detained the petitioner pursuant to 8 U.S.C. § 1225. *See also Lepe v. Andrews,* 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (ordering petitioner's immediate release where the government's only asserted detention authority was § 1225(b)(2)(A), which did not apply to petitioner, and the government did not argue that petitioner presented a flight risk or danger to the community).

As to petitioner's motion to proceed under pseudonym, petitioner argues that disclosure of his identity and immigration status could cause retaliation against him and that disclosure of his minor stepson's medical diagnosis warrants anonymity. (Doc. No. 3-1 at 4–5.) The court will grant petitioner's request to proceed pseudonymously in light of these interests. *See Doe #1 v. Trump*, 785 F. Supp. 3d 575, 582–83 (D. Ariz. 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140, at *1–2 (E.D. Cal. Dec. 22, 2025) (allowing the petitioner to proceed pseudonymously in order to preserve his family's medical privacy).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2. Petitioner's motion to proceed pseudonymously (Doc. No. 2) is hereby GRANTED;

3. Petitioner's motion for a temporary restraining order (Doc. No. 7) is hereby DENIED as having been rendered moot in light of this order granting habeas relief;

3

4. Attorney Eisendrath's application to appear *pro hac vice* (Doc. No. 11) is APPROVED, and the *pro hac vice* attorney is directed to request filing access through PACER if necessary; and

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4